United States District Court
Southern District of Texas

**ENTERED**

July 10, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TEVDORE KHATCHAPURIDZE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-169 |
| | § | |
| KRISTI NOEM[1] *et al.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred a show cause hearing to United States Magistrate Judge Diana Song Quiroga to determine whether attorney Julia Lowenfeld should be sanctioned pursuant to the Court's inherent authority for failing to abide by Court orders (Dkt. Nos. 7, 24). Judge Song Quiroga conducted the hearing and entered her Report and Recommendation (Min. Ent. Jan. 15, 2026; Dkt. No. 46). She recommends no sanctions be imposed, as Ms. Lowenfeld lacked personal knowledge of the bad actor's conduct and exercised extensive remedial measures upon her discovery of the wrongdoing (Dkt. No. 46 at 8).

Namely, Khatuna Jones—the paralegal who forged Ms. Lowenfeld's signature and unauthorizedly filed the Petition—had worked for Ms. Lowenfeld for years before this incident (Dkt. No. 46 at 4). Prior to her indiscretion, Ms. Jones was professional and extremely qualified, and holds a degree from Villanova University (Dkt. No. 46 at 4). Based on her years of exemplary service, Ms. Lowenfeld entrusted Ms. Jones with "intake and clerical work," but never advocacy roles (Dkt. No. 46 at 4 n.1). Unbeknownst to Ms. Lowenfeld, Ms. Jones intercepted the Court's show-cause orders to conceal her actions

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

1

and avoid responsibility (Dkt. No. 46 at 2). Judge Song Quiroga doubts Ms. Jones fully recognized the gravity of her conduct; however, Ms. Lowenfeld—the subject of the show cause matter—deemed Ms. Jones a "liability to any lawyer" and promptly terminated her (Dkt. No. 46 at 5, 8).

Ms. Lowenfeld also enabled a "two-step identification" procedure for all attorney credentials, implemented a "double-review sign-off process for all outgoing mail," and conducted an ethics training session for all presently employed paralegals (Dkt. No. 46 at 8). Because sanctions would not deter future misconduct, Judge Song Quiroga found that Ms. Lowenfeld was not negligent in her supervision of Ms. Jones, even under the stricter New York Rules of Professional Conduct (Dkt. No. 46 at 9). Finally, Judge Song Quiroga emphasized that Ms. Lowenfeld has not acted in bad faith, "[b]ecause Ms. Lowenfeld was unaware that this case had been filed and did not discover Ms. Jones's misconduct until after Ms. Jones had intercepted multiple court orders, [and] she made no such 'intentional and knowing effort' to interfere with the course of litigation in this case" (Dkt. No. 46 at 10.).

To date, no party has objected to these recommendations and the fourteen-day objection period has lapsed. Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviewed the report and recommendation for plain error. *CGI Logistics, LLC v. Fast Logistik*, No. 5:23-CV-43, 2023 WL 8313341, at *2 (S.D. Tex. Dec. 1, 2023) (Garcia Marmolejo, J.) (citing *United States v. Soto*, 734 F. App'x 258, 259 (5th Cir. 2018)). Finding none, the Court hereby **ADOPTS IN WHOLE** Judge Song Quiroga's Report and Recommendation (Dkt. No. 46). Accordingly, Ms. Lowenfeld will not be sanctioned for her noncompliance with the Court's orders.

It is so **ORDERED**.

**SIGNED** July 10, 2026.

_____
Marina Garcia Marmolejo
United States District Judge